# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3160-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN S. HILKEVICH,

     Defendant-Appellant.

_____

> Submitted June 4, 2019 – Decided June 27, 2019
>
> Before Judges Yannotti and Rothstadt.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 99-09-0470.
>
> John S. Hilkevich, appellant pro se.
>
> Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the trial court's denial, on February 22, 2018, of what defendant claimed was a motion to correct an illegal sentence. We affirm.

In September 1999, defendant was charged in a twenty-three count indictment with two counts of aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(b); one count of aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(c), and other sexual offenses involving three male victims, who were at the time between the ages of thirteen and sixteen.

Defendant was convicted on two counts of aggravated sexual assault and most of the lesser offenses. We reversed defendant's convictions and remanded for a new trial. State v. Hilkevich, No. A-3632-00 (App. Div. March 5, 2003) (slip op. at 13).

Defendant was retried. One of the alleged victims elected not to testify and the charges regarding that individual were dismissed. Defendant was found guilty on two counts of aggravated sexual assault and eight lesser charges. The trial court sentenced defendant to consecutive fifteen-year terms of imprisonment, each with five years of parole ineligibility. The court merged or imposed concurrent sentences on the other convictions.

Defendant appealed from the judgment of conviction. We affirmed defendant's convictions and the sentences imposed for endangering the welfare

of a child and aggravated criminal sexual contact, but vacated the sentences on the aggravated sexual assault convictions because the trial court had not adequately explained its reasons for those sentences. State v. Hilkevich, No. A-3169-06 (App. Div. April 8, 2008) (slip op. at 32). We remanded the matter for resentencing on those counts. Ibid. The Supreme Court thereafter denied defendant's petition for certification. State v. Hilkevich, 199 N.J. 131 (2009).

In July 2008, the trial court resentenced defendant on the two aggravated sexual assault convictions. The court sentenced defendant to consecutive, fifteen-year prison terms, each with five years of parole ineligibility. Defendant appealed. We affirmed the sentences. State v. Hilkevich, No. A-0592-08 (App. Div. March 12, 2010) (slip op. at 9). The Supreme Court denied defendant's petition for certification. State v. Hilkevich, 202 N.J. 346 (2010).

In March 2012, defendant filed a pro se petition for post-conviction relief (PCR). He asserted, among other claims, that the trial court and prosecutor knowingly and unlawfully engaged in misconduct, which had a negative impact upon the verdict and sentence, and that he was denied the effective assistance of counsel at sentencing.

The PCR court found that defendant's claims were either barred by Rule 3:22-5 because they had been adjudicated previously, or were without merit.

The court also found that defendant was not entitled to an evidentiary hearing on his petition, and entered an order dated April 25, 2014, denying PCR. Defendant appealed.

We affirmed the denial of PCR. State v. Hilkevich, No. A-4984-13 (App. Div. January 25, 2017) (slip op. at 2). The Supreme Court denied defendant's petition for certification. State v. Hilkevich, 231 N.J. 177 (2017). The Court also denied defendant's motion for reconsideration. State v. Hilkevich, 232 N.J. 66 (2018).

In January 2018, defendant filed what he claimed was a motion to correct an illegal sentence. By letter dated February 22, 2018, the trial court informed defendant that if defendant's application was a motion to reduce or change his sentence, it had not been filed within the time required by Rule 3:21-10(a), and the motion did not come within any of the exceptions enumerated in Rule 3:21-10(b).

The court also stated that if the application was a petition for PCR, the application did not meet the requirements for a second or subsequent PCR petition under Rule 3:22-4(b)(2). In addition, the court observed that sentencing issues that defendant raised in his application had been raised previously on direct appeal, and the court had affirmed defendant's sentences. See Hilkevich,

4

No. A-0592-08 (slip op. at 4-5, 9).  The court denied defendant's application.

This appeal followed.

On appeal, defendant argues:

> Point I:    As per R. 3:22-2(c) there is no time limit on appeal from illegal sentences which may be ordered corrected at any time on motion or by the court acting sua sponte[.]   (State v. Paladino, 203 N.J. Super. 537 (App. Div. 1985), State v. E.W., 413 N.J. Super. 70, 77-78 (App. Div. 2010)[).]

> Point II:   The New Jersey Rules of Evidence must apply to all court proceedings at which evidence is newly produced including defendant's resentencing hearing at which they were ignored[.]  (State v. Roth, 95 N.J. 334, 365-366 (1984), Stoelting v. Hauck, 32 N.J. 87, 103 (1960)[).]

> Point III:  Sentencing based on judge-found rather than on jury-found facts have been stricken as unconstitutional which applies to defendant's sentence[.]  (State v. Natale, 184 N.J. 458 (2005))[.]

> Point IV:  In determining a sentence the court cannot allude to any consideration that defendant maintained his innocence at trial[.]  (State v. Poteet, 61 N.J. 493 (1972)[.]

> Point V: Defendant was illegally represented at resentencing hearing[.]  (Halbert v. Michigan, 545 U.S. 605 (2005) (Neder v. United States, 527 U.S. at 7)[.]

Having thoroughly reviewed the record, we conclude that defendant's arguments are without merit.

5

Rule 3:21-10(a) allows a defendant to file a motion to reduce or change a sentence, but the motion must be filed no later than sixty days after the date of the judgment of conviction. Defendant did not file his motion within the time required by Rule 3:21-10(a), but argues that his motion falls within the exception under Rule 3:21-10(b)(5), which allows a motion to correct a sentence not authorized by the Code of Criminal Justice (Code) to be filed at any time.

Defendant does not argue, however, that the sentence imposed here was not authorized by the Code. Therefore, the trial court correctly determined that, to the extent defendant was seeking to reduce or change his sentence, the motion was not filed within the time required by Rule 3:21-10(a).

The court also correctly determined that if defendant's application is considered to be a PCR petition, defendant did not meet the criteria for a second or subsequent PCR petition under Rule 3:22-4(b)(2). Rule 3:22-4(b) provides that such a petition will be dismissed unless

> (1) it is timely under [Rule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Defendant's application was filed in January 2018. The application was not, however, filed within the time prescribed by Rule 3:22-12(a)(2), which requires a second or subsequent PCR petition to be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

7

We note that in this appeal, defendant argues that he was illegally represented at the resentencing hearing, which took place on July 11, 2008. According to defendant, in May 2008, his father hired a law firm to serve as defense counsel. Defendant claims that in 2006, the firm hired an attorney, who had previously served as a clerk for a Superior Court judge in Burlington County. Defendant asserts that the attorney who represented him at the first trial later became a judge in Burlington County.

Defendant claims that the newly-hired attorney somehow "was privy to the casual, off-record back-room exchanges of opinions and comments between judges and clerks." Defendant asserts that had he known of the firm's "insider knowledge of the case," and that the newly-hired attorney was a "member" of the Burlington County judiciary, the firm would not have been hired to represent him at the resentencing.

Defendant also claims that the attorney from the firm was present for the sentencing hearing, but allegedly never spoke. According to defendant, the attorney introduced another attorney, whom defendant refers to as "surprise counsel." Defendant asserts that he was not present for the resentencing hearing, and he learned of the "illegalities that transpired" there only after he obtained the transcript of that proceeding.

Suffice it to say, defendant's allegations have no support whatsoever in the record. There is no evidence of any "off-record back-room exchanges of opinions and comments" by defendant's attorney at the first trial and any other judge in the Burlington County vicinage regarding this case. There also is no evidence that the attorney who had served as the judge's law clerk and later joined the firm representing defendant heard any such "opinions and comments" about defendant's case while working in the judiciary. Furthermore, there is no evidence that the former law clerk had any involvement in the resentencing proceeding.

In any event, defendant failed to establish that he raised these and his other claims regarding the sentence within the time prescribed by Rule 3:22-12(a)(2). His claims are not based on any new principle of constitutional law, he is not asserting ineffective assistance of counsel in a prior PCR proceeding, and he has not established that he filed his latest petition within one year after learning of the so-called facts that support his claims.

Moreover, as the PCR court noted, defendant previously appealed from the sentences imposed in the July 2008 resentencing and we affirmed those sentences. Hilkevich, No. A-0592-08 (slip op. at 9). Defendant's additional claims regarding the sentences are either barred by Rule 3:22-4(a) or Rule 3:22-

because the claims had either been expressly adjudicated or could have been raised in a prior proceeding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3160-17T4